### Emery v. Manhattan Life Insurance Company.

(Decided February 1, 1918.)

### Appeal from McCracken Circuit Court.

1. Insurance—Assignment of Policy.—The assignment, by the insured, of a policy of insurance on his life to a creditor as collateral security for a note held against him by the latter, did not divest the former of all interest in the policy. He retained, at least, the right to obtain its restoration at any time during the existence of the note, by paying the note; while on the other hand the assignee had such legal title to the policy as gave her the right of foreclosure, which she might have exercised at any time after the maturity of the note, and the exercise of which would have divested the insured of all interest in the policy.

2. Insurance—Surrender of Policy—Assignment.—Where a policy of insurance gave the insured the option, within thirty days after the payment of the last annual premium thereon, to make a legal surrender of the policy to the insurence company, and in writing request of it the issuance to him of a non-participating, paid-up policy on his life for $2,500.00, to run for a period of five years and seven months from the date of the payment of the last premium, provided there were no notes, loans or indebtedness due the insurance company from the insured, the right to exercise such option was one personal to the insured, which could not be exercised by the assignee of the latter without a written request from him to the insurance company, to issue the non-participating, paid-up, $2,500.00 policy. Hence, in the absence of such written request from the insured; the insurance company's refusal to issue to the assignee of the latter such non-participating policy in lieu of the existing policy, was proper, as was also the judgment of the trial court in limiting the recovery of the assignee after the death of the insured to $998.00, the cash surrender value of the existing policy.

BRADSHAW, NICHOLS & MacDONALD for appellant.

W. A. BERRY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

This case was decided in the court below upon an agreed statement of facts. By agreement of the parties a jury was waived and the law and facts submitted to the court. The appellant recovered a judgment against the appellee for $998.00, with interest from the date of the judgment and her costs expended in the action. Appellant's complaint of the rejection by that judgment of the larger part of the claim for which she sued, and the refusal of the circuit court to grant her a new trial, led to this appeal.

The agreed facts show that on October 1, 1891, one W. M. Clyne executed to Hobson & Company, of Paducah, his promissory note for $1,845.65, due one day after date. This note on October 1, 1892, was sold and assigned by Hobson & Company to L. W. Emery, who later died testate and whose will was duly admitted to probate by the McCracken county court. By his will the testator bequeathed the above note to his daughter, M. F. Emery, who by reason thereof became the owner and obtained possession of the note. When it came to her hands the note contained this endorsement:

"I hereby promise that this policy No. 127025, in the Manhattan Life Insurance Company, may be used by the estate of L. W. Emery to pay this debt; but any proceeds arising from said policy above the debt shall be paid to my family.

"This February 9, 1906.

"W. M. CLYNE.

"Attest: Geo. F. Emery."

The above policy, which was for $2,500.00, was issued by the Manhattan Life Insurance Company upon the life of W. M. Clyne, March 5, 1902, and on March 12, 1902, was assigned to the appellant, M. F. Emery, by the following writing, viz.:

"In consideration of debt evidenced by note for $1,-800.00 and interest, I hereby sell and assign unto M. F. Emery, of Paducah, county of McCracken, State of Kentucky, the annexed policy No. 127025 on the life of W. M. Clyne, near Wandville, McCracken county, issued by the Manhattan Life Insurance Company, of New York; and I do also, for myself, my executors and administrator, guarantee the validity and sufficiency of the foregoing assignment to the above named assignee, his executors, administrators and assigns, and their title to the said policy will forever warrant and defend. And I

hereby appoint the said assignee my true lawful attorney to collect the amount of said policy and receipt therefor as fully as she could do, if these presents were not made.

"Witness my hand and seal this 12th day of March, 1902.

"WILLIAM M. CLYNE."

All the premiums on this policy were paid down to and including March 5, 1912. No part of the note owing by Clyne to M. F. Emery had been paid when the above assignment of the policy was made and there was then due thereon $2,891.39, which thereafter increased until at the time of the institution of this action it amounted to $4,503.17.

Within thirty days after the payment of the annual premium March 5, 1912, on the policy in question, the appellant offered to surrender it to the Manhattan Life Insurance Company for a non-participating paid-up term policy on the life of the insured, Clyne, for $2,500.00, to run for a period of five years and seven months, beginning on the date of the payment of the last premium, viz.: March 5, 1912, which the insurance company was requested by appellant as assignee of the present policy to issue; but refused to issue without a written request from Clyne, the insured, in addition to the request from the assignee, which request from Clyne was never made. At the time the request for the issuance of the non-participating, paid-up policy for $2,500.00, on the life of Clyne was made, there were no notes, loans or indebtedness against the policy due the Manhattan Life Insurance Company. After Clyne's death, which occurred April 16, 1916, appellant furnished the insurance company proper proofs thereof and was thereupon tendered by it $998.00 in settlement of its indebtedness on the policy; the latter claiming that this amount was its automatic cash value as a paid policy at the date of the death of the insured. Appellant refused to accept the $998.00 tendered, and demanded of the insurance company $2,500.00 as the amount due thereon, and upon the refusal of the latter to pay same, brought this action seeking to compel its payment.

By the terms of the assigned policy certain options were given the insured. Among these was one entitling him, within thirty days after the payment of the last annual premium, to make a "legal surrender" of the policy to the insurance company and demand of it a non-partici-

pating, paid-up term policy on his life for $2,500.00, to run for a period of five years and seven months beginning on the date of the payment of the last premium; provided, that at the time of the demand for the issuance of the non-participating, paid-up policy there were no notes, loans or indebtedness against the policy due the insurance company. So, the question presented for our decision by this appeal is, did this state of facts entitle the appellant, as the assignee of the insured, to the non-participating, paid-up policy demanded of the company? We think not. It is admitted that the policy on the life of the insured was received by appellant as collateral security for the note she held against him. Its assignment, therefore, did not divest him of all interest in the policy. He retained, at least, the right to obtain its restoration to him at any tme durng the existence of the note by paying the note; while, on the other hand, the assignee had such legal title as conferred upon her the right of foreclosure, which right she might have exercised at any time after the maturity of the note, and the exercise of which would have divested the insured of all interest in the policy. 7 Cyc. £3. But this right was never exercised by her and when she demanded of appellee the non-participating policy for $2,500.00, the insured was still owing her the note for which she held the existing policy, and still had such an interest in that policy as entitled appellee to demand that he unite in its surrender and in the demand or request for the new non-participating policy. Appellee could not then know that the insured before his death and before the maturity of the non-participating policy would not pay the appellant's note and thereby entitle himself to the return of the policy. By the terms of the existing policy it was entitled to a "legal surrender" of it, which could be effected only by the written request from the insured for the issuance of the new non-participating, paid-up $2,500.00 policy, as required by the provision of the existing policy. Therefore, the failure of appellant to obtain the written request or consent of the insured in support of her demand upon appellee for the non-participating, paid-up $2,500.00 policy, justified its refusal to issue such policy. So, as it is admitted that at the time of appellant's demand for the non-participating, paid-up policy and also at the date of the death of the insured, the existing policy on his life had a cash surrender value of $998.00, to only that amount was appellant entitled. If

the amount of the note had been less than the cash surrender value of the policy, the surplus, after paying the amount of the note, by the terms of the assignment under which appellant obtained the policy, must have been paid to the family of the insured. But as such cash surrender value of the policy was far less than the amount of the note, appellant was, of course, entitled to the whole of it.

By the only policy that was in force on the life of the insured the option of applying its cash surrender value to the purchase of the extended paid-up insurance of $2,500.00 that might have been given by the non-participating policy, which appellant complains was not issued to her by appellee, was an option that was personal to the insured, which could not have been made available by his assignee before his death, in the manner attempted, without his written consent. Although this fact was made known to appellant by the refusal of appellee to issue to her the non-participating policy four years before the death of the insured, as no such written consent was ever procured of him by her, the conclusion is inevitable that its cash surrender value of $998.00 was all that she had a right to claim.

All that passed by the assignment of the policy from the insured to appellant was the right to collect whatever of its proceeds he might have been entitled to be paid, by way of its cash surrender value, before his death, or that the appellee was liable for at his death, in the absence of an exercise of the option with respect to the extended, paid-up, non-participating insurance given by the assigned policy, which was and could have been no more than the $998.00, for which she obtained judgment.

The case of Mutual Benefit Life Insurance Co. v. First National Bank, 160 Ky. 538, cited by counsel for appellant does not conflict with the conclusions we have expressed. There was in that case no controversy as to the amount to which the assignee of the policy was entitled. Indeed, only the cash surrender value of the policy was claimed by the assignee, and the insurance company resisted its recovery by the assignee upon the ground that the right to receive it was confined by the terms of the policy to the insured alone. In rejecting this contention we held that where a note is secured by the assignment to the payee, by the obligor and his wife, of an insurance policy on the life of the former having a cash surrender

value, the insurance company issuing such policy cannot, when sued with the obligor by the payee, resist the recovery by the latter of the cash surrender value of the policy, unless such assignment of the policy is forbidden by a provision of the policy, or by its terms the privilege of surrendering the policy and receiving its cash surrender value is confined to the insured alone; which in that case the policy did not do.

We find no error in the judgment of the circuit court. Hence, it is affirmed.